IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIAN ALANI and AMANDA PEREZ, on behalf of themselves and all others similarly situated, and STATE OF ILLINOIS ex rel. ADRIAN ALANI and AMANDA PEREZ, <br><br> Plaintiffs, <br><br> v. <br><br> FC HARRIS PAVILION APARTMENTS LIMITED PARTNERSHIP a/k/a HARRIS-PAVILION LIMITED PARTNERSHIP; FOREST CITY RESIDENTIAL MANAGEMENT, INC. d/b/a "THE PAVILION"; FOREST CITY RESIDENTIAL GROUP, INC.; and FOREST CITY EQUITY SERVICES, INC. d/b/a FOREST CITY RESIDENTIAL DEVELOPMENT, INC., <br><br> Defendants. | Case No. 13 C 5959 <br><br> Judge John Z. Lee |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Adrian Alani and Amanda Perez, on behalf of themselves and all others similarly situated, and the State of Illinois *ex rel.* Alani and Perez, have sued FC Harris Pavilion Apartments Limited Partnership, Forest City Residential Management, Inc., Forest City Residential Group, Inc., and Forest City Equity Services, Inc. for breach of contract, failure to maintain the premises in which Plaintiffs lived, breach of the implied warranty of habitability, as well as violations of the Illinois Collections Agency Act (the "ICAA"), 225 Ill. Comp. Stat 425/1 *et seq.*, and the Residential Landlord and Tenant Ordinance (the "RLTO"), Chicago Municipal Code §§ 5-12-080, 5-12-140, 5-12-160.

On August 21, 2013, Defendants offered to pay the named Plaintiffs $700.00, as well as costs, interest, and reasonable attorney's fees, in exchange for an agreement to settle Count I. Defendants also offered $2006.00, as well as costs, interest, and reasonable attorney's fees, to settle Count IV. The offer was made before Plaintiffs filed their motion to certify the class on August 30, 2013.

Defendants now move to dismiss Counts I (RLTO § 5-12-080) and IV (RLTO § 5-12-140) pursuant to Rule 12(b)(1), arguing that these claims have been mooted by their offer. In the same motion, Defendants also seek to dismiss Count VI (ICAA) for failure to state a claim pursuant to Rule 12(b)(6). In addition, Defendants also have filed a motion for partial judgment on the pleadings as to Count I (RLTO § 5-12-080) pursuant to Rule 12(c). For the reasons provided herein, the Court grants Defendants' motion to dismiss Counts I, IV, and VI and strikes the motion for partial judgment on the pleadings as to Count I.

**Background**

In Count I, Plaintiffs alleged that Defendants violated certain provisions of RLTO § 5-12-080 governing the collection, maintenance and repayment of residential security deposits. (Compl. ¶¶ 65-73.) In their request for relief, Plaintiffs sought "an amount to be proven at trial but not less than $700, plus costs, interest on the judgment, attorney fees and whatever other relief this Court deems appropriate and just under the circumstances." *(Id.* ¶ 73.)

In Count IV, Plaintiffs averred that Defendants violated certain provision of RLTO § 5-12-140, proscribing the inclusion and enforcement of certain lease provisions. (*Id.* ¶ 84-94.) As part of this claim, Plaintiffs asked the Court to award "an amount to be proven at trial but not less than $2006, plus costs, interest on the judgment, and attorney fees, and award whatever other relief this Court deems appropriate and just under the circumstances." (*Id.* ¶ 94.)

2

On August 21, 2013, Defendants' counsel sent a letter to Plaintiffs' counsel stating the following:

> Defendants hereby tender a settlement offer for the claims set forth in Count I of Plaintiffs' complaint in the amount of $700, plus costs, interest, and a reasonable attorney's fee. In addition to the foregoing, Defendants also hereby tender a settlement offer for the claims set forth in Count IV of Plaintiffs' complaint in the amount of $2006, plus costs, interest, and a reasonable attorney's fee.

(Defs.' Mot. Dismiss, Ex. 1, Letter of 8/21/13 from G. Tzanetopoulos to B. Ring.) On August 30, 2013, Plaintiffs moved for class certification. (Mot. Certify Class 1.)

As for Count VI, Plaintiffs bring what they call a "private attorney general claim" under the ICAA. Plaintiffs allege that Forest City Residential Management, Inc., Forest City Residential Group, Inc., and Forest City Equity Services, Inc. ("the Forest City Defendants") attempted to collect a debt without a license, in violation of 225 Ill. Comp. Stat. 425/14a. According to Plaintiffs, the Forest City Defendants were landlords and property managers of the apartment complex in which Plaintiffs lived. (Compl. ¶¶ 7-19.) Plaintiffs moved out of their apartment on June 2, 2013 because, again according to Plaintiffs, Defendants had failed to remediate mold present on the walls and ceiling of the bedrooms and closets. (*Id.* ¶ 43.) However, Plaintiffs' lease went through October 31, 2013. (*Id.* ¶ 21.)

After Plaintiffs left, the Forest City Defendants sent Plaintiffs a bill on July 3, 2013, in the amount of $4,709.00 for work done on the Plaintiffs' apartment and unpaid rent from July 1, 2013 through October 31, 2013. (*Id.* ¶ 47.) The bill demanded immediate payment and stated that the outstanding balance had been referred to Defendants' collections department. (*Id.* ¶ 52.)

**Discussion**

I.     **Mootness as to Counts I and IV**

"The doctrine of mootness stems from Article III of the Constitution, which limits the jurisdiction of federal courts to live cases or controversies." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894 (7th Cir. 2011). The mootness doctrine "demands that the parties to a federal case maintain a personal stake in the outcome at all stages of the litigation." *Id.* at 894-95. "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted). An offer of full relief to a named plaintiff moots a class action if it "comes before class certification is sought." *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999); *see Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1046-47 (Ill. 2011). Whether an offer moots a claim is determined on a claim-by-claim basis. *See, e.g., Greisz*, 176 F.3d at 1014-16 (separately addressing mootness of various Truth-in-Lending claims).

When jurisdiction is challenged, as it is here, "the burden of proof is on the party asserting federal jurisdiction." *Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir. 1993). "[T]he plaintiff has the obligation to establish jurisdiction by competent proof, and the court may properly look to evidence beyond the pleadings in this inquiry." *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998); *see Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

As an initial matter, Plaintiffs argue that, although they filed their class certification motion nine days after Defendants had made their settlement offer, the Court previously has deemed the class motion to have been filed contemporaneously with the Complaint. According

4

to Plaintiff, the Court's prior order rebuts any concerns about mootness. But this argument is unsupported by the record.

Plaintiffs filed this action in state court on July 18, 2013, and Defendants removed the case to federal court on August 30, 2013, and offered to settle Counts I and IV that same day. Plaintiffs then moved to certify the class. Although the Court's September 3, 2013, order stated that the "plaintiffs have filed a motion for class certification contemporaneously with their complaint," after the order was entered, the Court recognized that no class certification had been filed and immediately entered an amended order correcting this statement. *Compare* Min. Entry of 9/3/13 *with* Am. Min. Entry of 9/3/13. Plaintiffs' first argument, therefore, fails.

Next, Plaintiffs contend that Counts I and IV are not moot because Defendants' settlement offer did not provide full relief. Plaintiffs' chief argument is that Counts I and IV remain viable because Defendants did not offer the full amount requested in the form of actual damages. More specifically, Plaintiffs explain that because they had requested an amount "not less than" $700.00 as part of Count I and "not less than" $2,006.00 as part of Count IV and can prove actual damages in excess of these amounts at trial, Defendants did not offer complete relief under those claims. (*See* Compl. ¶¶ 73, 94.) This argument also is unpersuasive.

First, with regard to Count I, actual damages are not available under RLTO § 5-12-080, which provides only for "damages in an amount equal to two times the security deposit plus interest." § 5-12-080(f)(1). This limitation was recognized by the Illinois Supreme Court in *Landis v. Marc Realty, L.L.C.*, 919 N.E.2d 300, 307-08 (Ill. 2009) (holding that "subsection (f) of section 5-12-080 does not specifically allow a plaintiff to recover actual damages"), and Plaintiffs have failed to provide any authority to the contrary. Here, Plaintiffs have alleged that they paid a security deposition of $350.00. Defendants then offered to pay $700 (two times the

5

security deposit) plus costs, interest, and reasonable attorney's fees. This constitutes the full amount of damages available under § 5-12-080(f)(1).

Turning to Count IV, RLTO § 5-12-140 provides that "[t]he tenant may recover actual damages sustained by the tenant because of the enforcement of a prohibited provision" and "[i]f the landlord attempts to enforce a provision in a rental agreement prohibited by this section, the tenant may recover two months' rent." Accordingly, unlike § 5-12-080, this provision allows the recovery of actual damages in addition to "two months' rent" should the landlord try to enforce the illegal lease provision. But, in this case, the Complaint wholly fails to allege any actual damages arising from the alleged breach of RLTO § 5-12-140, nor does it allege specific facts from which any such damages can be reasonably inferred. As such, the only remedy available to Plaintiffs under this provision is twice the monthly rent (assuming, as we must, that Plaintiffs can demonstrate that Defendants breached this section by attempting to enforce an illegal lease provision). As noted, Defendants have offered to pay Plaintiffs this amount as well as costs, interest, and reasonable attorneys' fees. It is Plaintiffs' burden to establish the basis for jurisdiction, *see Commodity Trend Serv., Inc*, 149 F.3d at 685, and they have fallen well short of that hurdle here.

In addition to arguing that Defendants' offer did not fully remedy their actual damages, Plaintiffs assert that Defendants' offer to pay a "reasonable attorney's fee" is not sufficiently definite to constitute an offer that would moot Counts I and IV. This is so, according to Plaintiffs, because "Defendants could merely pay what *they* believe to be a reasonable [attorney's] fee, regardless of what a reasonable fee *actually is*." (Pls.' Resp. Br. 6 (emphasis in original).) In *Damasco,* however, the Seventh Circuit held that an offer by the defendant to pay a specified sum "plus court costs" was sufficiently definite under Illinois law to moot plaintiff's

6

claim.[1] The Court of Appeals arrived at this conclusion even though the defendant had not specified the actual amount of costs that it would be prepared to pay. *See Damasco*, 662 F.3d at 893-97. Just as the determination of the amount of recoverable costs is within the discretion of the Court, the Court also is entrusted with determining the amount of reasonable attorneys' fees that Plaintiffs may recover under the applicable statutes should they prevail on the merits. *See, e.g., State of Ill. v. Sangamo Constr. Co.*, 657 F.2d 855, 862-64 (7th Cir. 1981); *In re Frempong*, 460 B.R. 189, 199-200 (Bankr. N.D. Ill. 2011); *Kaiser v. MEPC Am. Props., Inc.*, 518 N.E.2d 424, 428 (Ill. App. Ct. 1987). Plaintiffs have offered no basis to treat attorneys' fees that are available under a statute for a prevailing party differently from costs for the purposes of this analysis, and the Court is not aware of any. Thus, the Court holds that Defendants' failure to specify an exact amount when they offered to pay "a reasonable attorney's fee" does not preclude a finding that Counts I and IV are moot.

Plaintiffs' remaining arguments likewise are unavailing. For instance, Plaintiffs contend that Defendants' offer failed to moot the claims because it was not accompanied by payment. But, whether a check is tendered with an offer of full relief is not dispositive for purposes of mootness. It is the offer, not the payment, that controls. *See, e.g., Damasco*, 662 F.3d at 896 ("After Clearwire made its offer, Damasco's federal case was over."). Plaintiffs also argue that, because the offer had an expiration of fourteen days, this prevented the claims from becoming moot. In this Circuit, however, once a defendant presents an offer providing full and complete relief, a plaintiff's claim becomes moot regardless of the offer's expiration. *See Rand*, 926 F.2d at 598 ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute

---

[1] In their papers, Plaintiffs and Defendants apply Illinois law to the question of whether a defendant's tender was sufficient to provide plaintiff with complete relief, and the Court shall do the same. *See, e.g., Damasco*, No. 10 C 3063, 2010 WL 3522950, at *2-3 (N.D. Ill. Sept. 2, 2010) (applying Illinois law to determine whether settlement offer was sufficiently definite).

over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."); *Damasco*, 662 F.3d at 896 ("After Clearwire made its offer, Damasco's federal case was over."); *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994) (plaintiff "may not spurn this offer of all the damages he is owed and proceed to trial."). *Cf. Genesis Healthcare Corp. v. Symczyk*, ___U.S. ____, 133 S. Ct. 1523, 1527 (2013) (explicitly declining to address the issue of "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot").

Finally, Count IV also alleges that Defendants billed Plaintiffs for early termination of their leases pursuant to an illegal lease provision and that such billing constituted improper enforcement of the provision. Plaintiffs now assert that Count VI remains disputed because Defendants did not offer to withdraw these charges. This argument ignores the fact that Plaintiffs did not seek or demand Defendants' withdrawal of the charges in Count IV of their Complaint. *See Alswager v. Rocky Mountain Instrumental Labs Inc.*, 474 Fed. Appx. 482, 484 (7th Cir. 2012) (holding that defendants' offer was not required to include relief that plaintiff had not sought in complaint); *Rand*, 926 F.2d at 598 ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (citations omitted). Because Plaintiffs did not demand that form of relief, Defendants' failure to offer such relief does not prevent the claim from becoming moot.

Because Defendants' offer of August 21, 2013, constituted a tender of full relief as to the claims asserted in Counts I and IV and Plaintiffs' motion for class certification was not filed until August 30, 2013, the Court grants Defendants' motion to dismiss Counts I and IV as moot.

II.    **Motion to Dismiss Count VI**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants also move to dismiss Count VI for failure to state a claim under the ICAA, 225, Ill. Comp. Stat. 425/1 *et seq.* on the basis that the allegations of the Complaint establish that the ICAA does not apply to the Forest City Defendants. For the purposes of a Rule 12(b)(6) motion to dismiss, "a court must accept as true all of the allegations contained in the complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Id.* at 663 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations must be sufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. [2]

The purpose of the ICAA is to regulate collection agency practice and protect consumers against debt collection abuse. 225 Ill. Comp. Stat 425/1a. The ICAA "does not apply to persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency . . . ." *Id.* 425/2.03. "In short, a debt collector is an entity whose primary business is debt collection." *Residential Credit Solutions, Inc. v. Pendyuk*, No. 1-11-3501, 2012 WL 6963533, at *4 (Ill. App. Ct. Oct. 4, 2012). If a defendant's "collection efforts are merely adjunct to a broader business than debt collection," the ICAA is inapplicable. *Id.*

Plaintiffs allege that the Forest City Defendants were Plaintiffs' landlords and acted as the property management company for the apartment complex in which Plaintiffs lived. (Compl. ¶¶ 7-19.) Plaintiffs further allege that, after Plaintiffs vacated their apartment prior to their lease's termination date, the Forest City Defendants sent Plaintiffs a bill in the amount of

---

[2] For the purpose of this motion, the Court also assumes without holding that there is an implied private right of action for a violation of the Act. *See, e.g., Fuiten v. Creditor Servs. Bureau of Springfield, Inc.*, No. 05-3246, 2006 WL 1582459, at *7 (C.D. Ill. June 7, 2006).

$4,709.00 for work done on the Plaintiffs' apartment and rent. (*Id.* ¶ 47.) Because the allegations themselves demonstrate that the Forest City Defendants' primary business was the landlord and property management business and the collection activities in question were adjunct to those broader businesses, the ICAA is inapplicable to the Forest City Defendants, and the Court grants Defendants' motion to dismiss Count VI.

## Conclusion

For the reasons set forth herein, the Court grants Defendants' motion to dismiss Counts I, IV, and VI [doc. no. 12]. Because the Court holds that it lacks subject matter jurisdiction as to Count I, it strikes as moot Defendants' motion for partial judgment on the pleadings as to Count I [doc. no. 10].

**SO ORDERED**                                    ENTER: 12/16/13

_____
**JOHN Z. LEE**
**U.S. District Judge**